Per curiam.

The only error which we perceive in the proceedings is in the verdict itself. The action is replevin for a barouche and harness and two horses; the verdict is for a sum in gross, without assessing the value of the different articles. This was decided to be erroneous at the present term. Dearing v. Ford, [ante, 269.]
This is in analogy to the action of detinue. But we think the error may be cured in the manner pointed out in the statute of amendments, in regard to the action of detinue. Hutch. Code, 849. It directs that if, in detinue, the.verdict shall omit price or value, the court may at any time award a writ of inquiry to ascertain the same. The provision is contained in the general statute of amendments. The action of replevin, as it now exists, was regulated by statute, passed subsequent to this. Hutch. Code, 817. It is but just to make it subject to the provisions of an act passed for purposes of general amendment. The court of appeals of Virginia, from which state the provision was' borrowed, reversed the judgment for a finding like this in an action of detinue, and remanded the cause for a writ of inquiry to ascertain the value of each piece of property *338 separately. Cornwell v. Truss, 2 Mun. 195. And this has since remained the settled practice. 1 Rob. Pr. 368. We shall follow this course in the present instance.
There must be a reasonable construction placed upon the rule which requires the separate value of each article to be assessed. Thus the barouche and harness might well be regarded as parts of one whole, and but one value be placed upon them. The horses should be valued separately. So should the damages which may be assessed for the wrongful taking or detention of the property. Whatever, in common understanding, might be considered as parts of one whole, may be properly so considered in law.
The judgment will be reversed, and cause remanded, with directions that a jury be empanelled to assess the separate value of the articles, according to the rule herein laid down, and judgment rendered according to their verdict.
Judgment reversed, and cause remanded.